**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

          Plaintiff,

vs.                                            Case No.:  3:11-cr-301-J-34JBT

PATRICK BLACKWOOD,

          Defendant.
_____/

## ORDER

Amendment 782 to the United States Sentencing Guidelines modified U.S.S.G. § 2D1.1(c)'s Drug Quantity Table, which provides the base offense levels for different quantities of various controlled substances.  Amendment 782 reduced the base offense levels for most federal drug trafficking crimes by two levels.  In July 2014, the United States Sentencing Commission ("Commission") promulgated Amendment 788 and amended U.S.S.G. § 1B1.10, which made Amendment 782 retroactive as of November 1, 2014.  However, to help the courts, probation services, and the United States Attorney's Offices cope with the anticipated flood of § 3582(c)(2) motions,[1] as well as to give prisoners time to receive the same transitional services that other federal inmates receive prior to release, the Commission enacted U.S.S.G. § 1B1.10(e).[2]  That subsection provides that a "court shall not order a reduced term of imprisonment based on

---

[1] An estimated 46,000 federal inmates will be eligible for a reduced sentence because of Amendment 782.  Doc. 183 at 5; U.S.S.G. Supp. to App. C, Amend. 788 at 87 (Reason for Amendment).  In the Middle District of Florida alone, the probation office expects to file 2,900 memoranda concerning whether prisoners may receive reductions under Amendment 782.

[2] U.S.S.G. Supp. to App. C, Amend. 788 at 88 (Reason for Amendment).

Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." U.S.S.G. § 1B1.10(e).

Before the Court is Defendant Patrick Blackwood's Motion for Sentence Reduction Under Amendment 782 (Doc. 133; Motion), filed on January 27, 2015. The United States filed a Response on February 17, 2015. (Doc. 134; Response). In the Motion, Defendant seeks to reduce his prison term under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines. See Motion at 1-2. In addition, Defendant seeks release from custody prior to November 1, 2015, because, if his Motion is granted, his sentence reduction could render him eligible for release before that date. In doing so, Defendant argues that the Commission lacked statutory authority to promulgate § 1B1.10(e), that the delayed release provision is arbitrary and capricious, and that the delayed release provision violates separation of powers principles. The United States agrees that Defendant is eligible for a sentence reduction because Amendment 782 reduces the applicable guideline range. See Response at 1, 2, 13. However, in line with U.S.S.G. § 1B1.10(e), the United States opposes making such an order effective before November 1, 2015. See id. at 1-2.

The Court has reviewed the facts in both the original presentence investigation report and the November 12, 2014 memorandum from the United States Probation Office (Doc. 113). Having considered the factors set forth in 18 U.S.C. § 3553(a), as well as the nature and seriousness of any danger posed by a reduction of Defendant's sentence, see U.S.S.G. § 1B1.10, comment n.1(B)(ii), the Court determines that Defendant is eligible for a guideline reduction, and adopts the amended guideline calculations agreed upon by the parties in Defendant's Motion and the government's Response. The Court further

agrees that Defendant is eligible for a sentence at the low end of his amended guidelines range, or a term of imprisonment of 37 months. However, the Court rejects Defendant's challenges to the constitutional and statutory validity of U.S.S.G. § 1B1.10(e)'s delayed release provision as these arguments are foreclosed by binding Eleventh Circuit precedent. See United States v. Maiello, ___ F.3d ___, 2015 WL 4931982 (11th Cir. 2015).

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion for Sentence Reduction Under Amendment 782 (Doc. No. 133) is **GRANTED** insofar as he requests a reduction in his sentence.

2. Defendant's Motion for Sentence Reduction Under Amendment 782 (Doc. 133) is **DENIED** insofar as he seeks release prior to November 1, 2015.

3. The Court reduces Defendant's sentence from a period of imprisonment of fifty-five (55) months to **thirty-seven (37) months** or time served, whichever is greater as of November 2, 2015. See U.S.S.G. §1B1.10(b)(2)(C).

4. All other provisions set forth in the Judgment shall remain in full force and effect.

**DONE AND ORDERED** in Jacksonville, Florida, this 6th day of November, 2015.

*MARCIA MORALES HOWARD*
United States District Judge

ja

Copies to:
Counsel of Record
United States Marshals Service
United States Probation Office
Bureau of Prisons
Defendant